**SIGNED this 20 day of June, 2008.**

_____
**Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br>　　DAVID EUGENE SMITH<br>　　and BARBARA JEANNE SMITH,<br><br>　　　　　　　Debtors. | No. 07-50498<br>Chapter 7 |
| WINCO, INC.<br><br>　　Plaintiff,<br><br>vs.<br><br>DAVID EUGENE SMITH<br><br>　　Defendant. | Adv. Pro. No. 07-5048 |

### M E M O R A N D U M

Appearances:

　　　　Frederick L. Conrad, Jr.
　　　　Post Office Box 11202
　　　　Knoxville, Tennessee 37939-1202
　　　　*Attorney for Winco, Inc.*

**Marcia Phillips Parsons, United States Bankruptcy Judge**. In this dischargeability action under § 523(a)(2) of the Bankruptcy Code, the plaintiff Winco, Inc. ("Winco") seeks summary judgment against debtor David Eugene Smith (the "Debtor"). The Debtor has not responded to the motion. Because there are no material facts in dispute and Winco is entitled to judgment as a matter of law, its motion for summary judgment will be granted. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A) and (I).

I.

On April 13, 2007, the Debtor and his wife, Barbara Jeanne Smith, filed a voluntary petition for bankruptcy relief under chapter 7. The debtors listed Winco on Schedule F, Creditors Holding Unsecured Nonpriority Claims, with a claim amount of $4,252.23. On July 20, 2007, Winco commenced this adversary proceeding, alleging that the sum of $3,049.92 owed it by the Debtor is nondischargeable as the result of fraud. Specifically, Winco alleges in the complaint that the Debtor obtained goods and services from it by forging the signature of a third party, Tony Nunley, on a credit application. Attached to the complaint is the affidavit of Mr. Nunley, wherein he states he did not know of, or authorize anyone to sign his name in connection with a credit application to Winco.

In his answer filed November 30, 2007, the Debtor denies that he obtained goods or services from Winco through any manner of fraud or false pretenses. The Debtor states that he had a business relationship with Mr. Nunley wherein the parties shared the profits from the Debtor's flooring business, that he had the authority of Mr. Nunley to enter into credit transactions in his name, and that when he signed the credit application with Winco, he thought he was acting in furtherance of his agreement with Mr. Nunley.

On April 7, 2008, Winco filed the motion for summary judgment that is presently before the court. Winco asserts in the motion that there is no genuine issue as to any material fact and that it is entitled to a judgment of nondischargeability under 11 U.S.C. § 523(a)(2) as a matter of law. In support of the motion, Winco relies on its requests for admissions, to which the Debtor has not responded. Shortly before the filing of the summary judgment motion, this court entered an order on March 26, 2008, granting the request of Debtor's counsel to withdraw. No attorney has since

entered an appearance on the Debtor's behalf.

As previously noted, the Debtor has not responded to Winco's summary judgment motion. Under the local rules of this court, an opposing party has twenty days to file a response to a motion in an adversary proceeding. E.D. Tenn. LBR 7007-1(a). "A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." *Id.* More than twenty days have now passed since Winco filed its summary judgment motion. Notwithstanding the absence of a response from the Debtor, this court must determine whether summary judgment in favor of Winco is appropriate.

II.

Rule 56 of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7056, mandates the entry of summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The court is not to "'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986)). "A genuine issue for trial exists only when there is sufficient 'evidence on which the [court] could reasonably find for the plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252).

The moving party bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). The burden then shifts to the nonmoving party to produce evidence that would support a finding in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250-52. In considering the motion, the court must construe all reasonable inferences in favor of the nonmoving party. *Spradlin v. Jarvis (In re Tri-City Turf Club, Inc.)*, 323 F.3d 439, 442 (6th Cir. 2003). The party opposing a motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. The party opposing the motion must 'do more than simply show that there is some metaphysical doubt as to the material

facts.'" *Id*. at 442-43 (citations omitted). "If after reviewing the record as a whole a rational factfinder could not find for the nonmoving party, summary judgment is appropriate." *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998)).

### III.

The dischargeability of debts is governed by 11 U.S.C. § 523, which provides in material part:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor for any debt—
>
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by—
>>
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition

11 U.S.C. § 523(a)(2)(A). The Sixth Circuit Court of Appeals has held that in order to satisfy the requirements of this provision, a plaintiff must prove: (1) the debtor obtained an extension, renewal, or refinancing of credit through material misrepresentations that he knew were false or that he made with gross recklessness; (2) the defendant intended to deceive the plaintiff; (3) the plaintiff justifiably relied on the debtor's false representation; and (4) the plaintiff's reliance was the proximate cause of his losses. *Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). The party seeking a determination of nondischargeability bears the burden of proving the necessary elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661 (1991). Further, exceptions to discharge are to be strictly construed against the creditor. *In re Rembert*, 141 F.3d at 281.

The Requests for Admissions submitted to the Debtor by Winco and upon which Winco relies for its summary judgment set forth the following factual allegations:

> 1. That [the Debtor] signed the name of Tony Nunley to the credit application [a copy of which was attached].
>
> 2. That [the Debtor] did not have authority to sign the name of Tony Nunley to the credit application [a copy of which was attached].

    3. That [the Debtor] expected Winco, Inc. to rely on the fraudulent signature of Tony Nunley in order to obtain credit from Winco, Inc.

    4. That Winco, Inc. was not aware that the signature of Tony Nunley on the credit application was not the genuine signature of Tony Nunley.

    5. That the underlying debt owed by [the Debtor] to Winco, Inc., arose from [the Debtor's] fraud on Winco, Inc.

Federal Rule of Civil Procedure 36, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7036, provides that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Subpart (b) of Rule 36 states that "a matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Winco propounded the request for admissions to the Debtor on February 28, 2008. The thirty days for responding having passed without the Debtor answering or objecting to the request, the statements therein are deemed admitted.

In order to determine if Winco is entitled to judgment as a matter of law, it is necessary to determine if the facts as established by Winco set forth all of the required elements for fraud under § 523(a)(2). As set forth previously, the first element is that the Debtor obtained an extension of credit through material misrepresentations that he knew were false or that he made with gross recklessness. The Debtor admitted in his answer that he obtained an extension of credit from Winco by signing Tony Nunley's name to a Winco credit application. Additionally, the first two requests for admission establish that the Debtor signed Mr. Nunley's name to the credit application and that he did not have the authority to do so. Thus, an extension of credit through a material misrepresentation is established. While the first two admission requests do not specifically address the requirement that the Debtor made the misrepresentation with knowledge of its falsity or gross recklessness, this element may be inferred from the admission that the Debtor expected Winco to rely on the *fraudulent* signature in order to obtain credit from Winco. Similarly, this statement satisfies the second element under § 523(a)(2), that the Debtor intended to deceive Winco.

As to the third and fourth elements, that Winco justifiably relied on the Debtor's false

representation and this reliance was the proximate cause of its losses, no requested admission or statement in the answer specifically supplies these facts. The deemed admissions do state that Winco was unaware that the signature of Mr. Nunley on the credit application was not his genuine signature, a statement that would provide the justifiability of reliance, if reliance itself were established. However, there is no express allegation whatsoever, either in the complaint or in the admissions, that Winco relied on the Debtor's false representation and that this reliance was the proximate cause of its losses.

Nonetheless, the last request for admissions is that the debt owed by the Debtor to Winco arose from the Debtor's fraud. This general admission supplies all of the elements for nondischargeability under § 523(a)(2), regardless of Winco's failure to otherwise specifically delineate them. *Rally Hill Prods., Inc. v. Brusack (In re Bursack)*, 163 B.R. 302, 305 (Bankr. M.D. Tenn. 1994) (the elements necessary to prove fraud under Tennessee law are virtually identical to those required for a fraud finding under § 523(a)(2)). Rule 36(a) permits a party to serve written requests to admit, not only as to the truth of facts, but also "the application of law to fact . . . ." Because the statement that the debt owed by the Debtor to Winco arose from the Debtor's fraud is a conclusion of law subject to admission under Rule 36, it is deemed admitted by the Debtor's failure to respond, thereby establishing that Winco is entitled to judgment as a matter of law on its nondischargeability complaint.

IV.

The court will enter an order in accordance with the foregoing, granting Winco's motion for summary judgment .

###